UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLORIA PENN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAYBREAK COMMUNITY SERVICES, | § | SA-12-CV-0070 OG |
| | § | |
| Defendant. | § | |

## Order Denying Appointment of Counsel

This order addresses plaintiff Gloria Penn's motion for appointment of counsel. Penn seeks to sue a former employer, Daybreak Community Services (Daybreak)[1] for unlawful employment discrimination. Penn asked the court to appoint an attorney to represent her.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."[2] In considering a plaintiff's request for counsel in an employment discrimination case, the court considers the following factors: "(1) the merits of the plaintiff's claims of

---

[1] According to its website, "Daybreak is contracted by the Texas Department of Aging and Disability Services to provide Home and Community-based services, Texas Home Living Services, and Deaf-Blind/Multiple Disabilities services."

[2] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).

discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel."[3]

**The merits of Penn's claims**.  Penn's claims are not complex.  Penn was formerly employed by Daybreak as an office manager for Daybreak's San Antonio's office.  Penn alleges she was terminated because of her race.  She complains that she was terminated because her employer wants to staff its San Antonio office with Spanish-speaking Hispanic employees instead of non-Spanish-speaking, Black employees like herself.  She maintains she was terminated because she complained that Black employees were treated differently than Hispanic employees.

The papers Penn presented to the clerk indicate Daybreak's San Antonio office was staffed by only Black employees.  Under this circumstance, it would be difficult for Penn to meet her burden of establishing a prima facie case of racial discrimination.  Even if Penn establishes a prima facie case of race discrimination, she must present substantial evidence that Daybreak's  reason for terminating her was pretext for race discrimination.[4]

As Daybreak's reason for terminating Penn, Penn's papers indicate Daybreak terminated Penn because "she chose not to follow specific directives given to her by her

---

[3]*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

[4]*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).

supervisor and because she intentionally misrepresented information in an effort to get another employee fired." To prevail, Penn must present substantial evidence that this reason was pretext for race discrimination. Penn's papers indicate that Penn relies on a cartoon circulated via office email to establish racial discrimination. The email thread, however, indicates Penn did not find the cartoon offensive and that she also circulated the email. To the extent Penn relies on Daybreak's desire for a Spanish-speaking staff, Penn alleged nothing indicating that the language requirement bears on race discrimination. Under these circumstances, the merits of Penn's claims weigh against appointing an attorney.

**Penn's efforts to obtain counsel**. Penn indicated she called a legal aid agency and some local attorneys, but was unable to obtain representation because she cannot pay a retainer. This factor weighs neither for nor against appointing an attorney.

**Penn's financial ability to retain counsel**. Penn asked to proceed in forma pauperis. Penn appears to lack financial resources for a retainer to hire an attorney, but I am mindful of provisions for an attorney's fee for a prevailing party in an employment discrimination lawsuit.[5] The provisions enable an attorney to represent a plaintiff who has a meritorious claim, but few financial resources. In light of this provision, this factor weighs against appointing counsel.

---

[5] 42 U.S.C. § § 2000e-5(k) & 12205.

**Conclusion**.  The balance of applicable factors weighs against appointing an attorney.  For that reason, and because the law and burdens in regard to claims alleging unlawful employment discrimination are well-settled, I DENY the motion for appointment of counsel (docket entry # 2).  Penn should familiarize herself with the district's *Pro Se Manual*.  The manual provides guidance for unrepresented litigants.  Penn can access the manual via the district's web-site, www.txwd.uscourts.gov, under the Publications tab.

**SIGNED** on February 3, 2012.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE