UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLORIA PENN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAYBREAK COMMUNITY SERVICES, | § | SA-12-CV-0070 OG |
| | § | |
| Defendant. | § | |

### Order to File an Amended Complaint

On January 10, 2012, plaintiff Gloria Penn asked the court to permit her to proceed without pre-payment of costs and to appoint an attorney to represent her. At that time, Penn presented a proposed complaint with numerous exhibits. Because Penn presented both a fill-in-the-blank form as a complaint and a type-written complaint, it is difficult for the court to ascertain Penn's claims. For this reason, I direct Penn to file an amended complaint.

In amending her complaint, Penn should be mindful of Rule 8's instructions about a complaint. Rule 8 provides the following:

Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;[1]

---

[1] Penn indicated in her original complaint that she seeks relief under Title VII of the Civil Rights Act of 1964. This indication is a sufficient statement for the court's jurisdiction in a case alleging unlawful employment discrimination.

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[2]

This is all the rule requires. The rule does not require additional documentation. Although parties may submit relevant documentation during later proceedings, what is important at this point is: (1) a short and plain statement of Penn's claims, (2) Penn's explanation about why she contends she is entitled to relief, and (3) a statement of the relief Penn seeks through this lawsuit.

Penn shall file her amended complaint by **February 17, 2012**. Penn may use the fill-in-the-blank form available from the clerk, or she may draft her own complaint according to Rule 8. Penn should title her amended complaint as "First Amended Complaint." If Penn fails to file an amended complaint by February 17, 2012, I will recommend dismissing this case for failing to prosecute and/or failing to comply with this order.[3]

**SIGNED** on February 3, 2012.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 8(a).

[3] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").